# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BEAU EZEKIEL BROWN, | |
| *Petitioner*, | 2:11-cv-00790-KJD-RJJ |
| vs. | ORDER |
| DWIGHT NEVEN, *et al.*, | |
| *Respondents*. | |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#3) for appointment of counsel along with his motion (#2) for leave to file a longer than normal petition, motion (#4) for an evidentiary hearing, motion (#5) for a stay, and motion (#6) to file a protective petition.

For the reasons discussed below, the Court will grant the motion for appointment of counsel provisionally and temporarily only. The provisional and temporary grant of the motion is subject to petitioner doing the following, through counsel, within the next thirty days: (a) paying the filing fee or filing a pauper application; and (b) demonstrating financial eligibility for appointment of counsel by filing a pauper form for incarcerated persons with **both** an executed financial certificate **and** a statement of his inmate trust inmate account for the prior six months.

Petitioner states in a cover letter (#1-2) that he is sending the $5.00 filing fee under separate cover. However, the filing fee requirement generally must be satisfied prior to the Court taking action with regard to a case.

1   Petitioner states in the motion for appointment of counsel and accompanying
2 declaration that he does not have sufficient assets to retain counsel.  See #3, at electronic
3 docketing pages 2 & 7.  However, the Court generally requires that inmates demonstrate
4 financial eligibility for appointment of counsel with the same institutional financial materials
5 required to seek pauper status.
6   The Court is appointing counsel provisionally and temporarily, however, because it
7 finds, assuming *arguendo* financial eligibility, that the interests of justice require the
8 appointment of counsel.  In the procedural posture presented in this case, the Court is
9 appointing counsel provisionally and temporarily in anticipation of satisfaction of the filing fee
10 and financial eligibility requirements.  The Court is doing so because waiting first for
11 satisfaction of these requirements would further reduce the time potentially remaining in the
12 federal limitation period for the assertion of new claims in a counseled amended petition.
13   Subject to the foregoing, the Court finds that the interests of justice warrant the
14 appointment of counsel, taking into account the sentencing to, *inter alia*, consecutive
15 sentences of life without the possibility of parole for first degree murder with the use of a
16 firearm together with the number and complexity of the claims and procedural issues.
17   The motion for leave to file a longer than normal petition will be granted.  The
18 remaining motions will be denied without prejudice to petitioner seeking relief through counsel
19 following review of the matter.
20   The Court's action in this order does not signify any implied acceptance of subsidiary
21 arguments or factual assertions made by petitioner in the papers presented.  The Court is
22 holding only what is stated in this order on the issue directly addressed.  Nothing herein
23 signifies any implied or tacit holding as to any other issue, including but not limited to, any
24 issues as to a conclusive calculation of the running of the federal limitation period, tolling
25 thereof, procedural default, exhaustion and/or whether an evidentiary hearing is warranted.
26   IT THEREFORE IS ORDERED that the motion (#3) for appointment of counsel is
27 GRANTED provisionally and temporarily subject to petitioner doing the following, through
28 counsel, within thirty (30) days of entry of this order: (a) paying the filing fee or filing a pauper

application; and (b) demonstrating financial eligibility for appointment of counsel by filing a pauper form for incarcerated persons with **both** an executed financial certificate **and** a statement of his inmate trust inmate account for the prior six months. Following satisfaction of these requirements, the counsel appointed will represent petitioner in all proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

IT FURTHER IS ORDERED that the Federal Public Defender shall be provisionally appointed as counsel and shall have thirty (30) days to undertake direct representation of petitioner or to indicate an inability to do so. If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel. A deadline for the filing of an amended petition will be set after counsel has entered an appearance. The Court anticipates setting the deadline for one hundred fifty (150) days based upon the current record, which does not establish any period of equitable or other tolling.

IT FURTHER IS ORDERED that the motion (#2) for leave to file a longer than normal petition is GRANTED and that the motion (#4) for an evidentiary hearing, motion (#5) for a stay, and motion (#6) to file a protective petition are DENIED without prejudice.

IT FURTHER IS ORDERED, with the Attorney General already having been provided informal electronic service, that respondents' counsel shall enter a notice of appearance within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of this Court.

The Clerk accordingly shall send a copy of this order (together with an attachment with copies of the petition and accompanying papers) to the *pro se* petitioner, the Attorney General, the Federal Public Defender, and the CJA Coordinator for this Division.

DATED: May 19, 2011

_____
KENT J. DAWSON
United States District Judge