UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BEAU EZEKIEL BROWN,<br><br>Petitioner,<br><br>v.<br><br>ISIDRO BACA, *et al.*,<br><br>Respondents. | Case No. 2:11-cv-00790-KJD-NJK<br><br>ORDER |

This case is – or, rather, was – a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Beau Ezekiel Brown, a Nevada prisoner. Brown is serving two consecutive sentences of life in prison, without the possibility of parole, on a conviction of first degree murder with use of a firearm. This Court appointed the Federal Public Defender for the District of Nevada (FPD) as counsel for Brown (ECF Nos. 7, 10), and this action was litigated to its conclusion, on Brown's behalf, by his counsel.

On August 29, 2017, the Court denied Brown's amended habeas petition and denied Brown a certificate of appealability, and judgment was entered. *See* Order entered August 29, 2017 (ECF No. 58); Judgment (ECF No. 59). Brown appealed, and sought a certificate of appealability in the Ninth Circuit Court of Appeals. *See* Notice of Appeal (ECF No. 60). The court of appeals denied Brown's request for a certificate of appealability on January 31, 2018 (ECF No. 62). On February 22, 2018, the court of appeals granted the FPD's motion to withdraw from their representation of Brown, and

1

granted Brown's *pro se* motion for an extension of time to file a motion for reconsideration (ECF No. 65). According to Brown, he filed a motion for reconsideration in the court of appeals on March 26, 2018, and that motion was denied on April 20, 2018. *See* Motion to Reopen Case and Motion for Reconsideration (ECF Nos. 66, 67), p. 3.

On May 14, 2018, Brown filed, in this Court, a Motion to Reopen Case and Motion for Reconsideration (ECF Nos. 66, 67). In his motion, Brown asserts that there are three claims of ineffective assistance of counsel that were not included in his petition in this case, apparently, in his view, because of inadvertence, oversight, mistake or neglect on the part of his counsel; he characterizes those omitted claims as follows:

- "Counsel's failure to authenticate the excerpt video under NRS 52.015 Best Evidence Rule and object to prosecutorial misconduct fell below the standard of reasonable effective counsel."

- "Counsel's ineffectiveness in her choice of expert fell below the standard of reasonable effective counsel."

- "Counsel was ineffective for eliciting damaging identification testimony from a State's witness that undermined the theory of defense."

Motion to Reopen Case and Motion for Reconsideration (ECF Nos. 66, 67), pp. 5-6. As the Court understands Brown's motion, he requests that this case be reopened and the judgment vacated, such that those new claims may be added to his petition and adjudicated. As such, Brown's motion is in the nature of a motion for relief from judgment, pursuant to Federal Rule of Civil Procedure 60(b).

Rule 60(b) applies in habeas corpus actions, but only in conformity with the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), including the limits on successive federal petitions set forth at 28 U.S.C. § 2244(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). If a Rule 60(b) motion seeks to add a new ground for relief, it is, in substance, a successive habeas petition subject to the requirements of section 2244(b). *Id.* at 531; *see also United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) ("[S]tate prisoner may not rely on Rule 60(b) to raise a new claim in federal

1 habeas proceedings that would otherwise be barred as second or successive under §
2 2254.").

3 AEDPA generally limits a petitioner to one federal habeas corpus action, and
4 precludes a second or successive habeas petition unless certain requirements are met.
5 *See Jones v. Ryan*, 733 F.3d 825, 834 (9th Cir. 2013); 28 U.S.C. § 2244(b). Before
6 bringing a second or successive petition in the district court, the petitioner is required to
7 obtain from the court of appeals "an order authorizing the district court to consider the
8 [second or successive petition.]" *See* 28 U.S.C. § 2244(b)(3)(A).

9 There is no "bright-line rule for distinguishing between a bona fide Rule 60(b)
10 motion and a disguised second or successive [habeas petition]." *Jones*, 733 F.3d at 834
11 (quoting *United States v. Washington*, 653 F.3d 1057, 1060 (2011)). However, in
12 *Gonzalez,* the Supreme Court provided guidance that is pertinent to the motion before
13 this Court. A Rule 60(b) motion is proper where it "attacks ... some defect in the integrity
14 of the federal habeas proceedings," while a disguised successive habeas petition is a
15 filing that "contains one or more claims, defined as asserted federal bas[e]s for relief from
16 a state court's judgment of conviction." *Gonzalez*, 545 U.S. at 530 (internal quotation
17 marks omitted). The *Gonzalez* Court specifically instructed that a Rule 60(b) motion is, in
18 substance, a successive petition, subject to section 2244(b), if it asserts that, because of
19 "excusable neglect," the prior federal petition omitted a claim of constitutional error, and
20 seeks leave to present that claim. *See Gonzalez*, 545 U.S. at 531 (citing *Harris v. United*
21 *States*, 367 F.3d 74, 80-81 (2nd Cir. 2004) (Rule 60(b) motion sought relief from judgment
22 because counsel failed to raise a Sixth Amendment claim). That is the case here. Brown
23 contends that, on account of failures of his counsel, three claims were left out of his
24 petition, and he moves for relief from the judgment so that he can present those claims.

25 Brown's motion is subject to the requirements of 28 U.S.C. § 2244(b). Brown
26 makes no allegation, or showing, that he has obtained, from the Ninth Circuit Court of
27 Appeals, an order authorizing a second or successive habeas petition.

28

3

1     **IT IS THEREFORE ORDERED** that petitioner's Motion to Reopen Case (ECF No. 66) and Motion for Reconsideration (ECF No. 67) are **DENIED**.

DATED THIS 17 day of May, 2018.

_____
KENT J. DAWSON,
CHIEF UNITED STATES DISTRICT JUDGE