UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BEAU EZEKIEL BROWN,<br><br>Petitioner,<br><br>v.<br><br>ISIDRO BACA, *et al.*,<br><br>Respondents. | Case No. 2:11-cv-00790-KJD-NJK<br><br>ORDER |

On August 29, 2017, the Court denied relief in this habeas corpus action, and denied the petitioner, Beau Ezekiel Brown, a certificate of appealability (ECF Nos. 58, 59). Brown appealed, and sought a certificate of appealability in the Ninth Circuit Court of Appeals, and that court denied Brown's request for a certificate of appealability on January 31, 2018 (ECF No. 62).

On May 14, 2018, Brown filed, in this Court, a Motion to Reopen Case and Motion for Reconsideration (ECF Nos. 66, 67). The Court denied that motion on May 17, 2018 (ECF No. 68).

Brown filed a notice of appeal on June 29, 2018, appealing from the May 17, 2018 order (ECF No. 71), and, on July 10, 2018, the Court of Appeals remanded the case to this Court for the limited purpose of granting or denying a certificate of appealability (ECF No. 73).

The standard for issuance of a certificate of appealability requires a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). The Supreme Court has interpreted 28 U.S.C. § 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000).

The Court finds that a certificate of appealability is unwarranted with respect to the May 17, 2018 order. It is beyond reasonable dispute that, in his Motion to Reopen Case and Motion for Reconsideration, Brown contends that, on account of failures of his counsel, three claims were left out of his petition, and he moves for relief from the judgment so that he can present those claims. Further, it is beyond reasonable dispute that, under *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005), Brown's motion is therefore subject to the requirements of 28 U.S.C. § 2244(b). Finally, it is beyond dispute that Brown makes no allegation, or showing, that he has obtained, from the Ninth Circuit Court of Appeals, an order authorizing a second or successive habeas petition, and that his motion is subject to denial on that ground. In short, the procedural ruling in the May 17, 2018 order is not reasonably debatable.

///

///

///

///

///

1     **IT IS THEREFORE ORDERED** that petitioner is denied a certificate of appealability with respect to the May 17, 2018 order (ECF No. 68).

    **IT IS FURTHER ORDERED** that the Clerk of the Court is directed to forward this order, and the record, to the Court of Appeals as described in that court's order of July 10, 2018 (ECF No. 73).

DATED THIS 10 day of July, 2018.

_____
KENT J. DAWSON,
UNITED STATES DISTRICT JUDGE